VICTOR ALLAIRE, Appt., *vs.* CITY OF WOONSOCKET.

PROVIDENCE—OCTOBER 23, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Highways. Plats. Damages. Right of Way.*

Prior to the layout of land as a public highway, the owner had placed on record a plat upon which various streets were delineated. Certain lots abutting on one of these streets were sold:—

*Held*, that the purchasers of such lots had acquired a right of way in the street, and the owner had sustained no damage by reason of the layout thereof as a public highway by the city.

(2) *Highways. Layout of Highways. Measure of Damages. "Highway Act and Betterment Act."*

In an appeal from the layout of a street under the "old highway law," Gen. Laws cap. 71, § 4, as distinguished from a layout under the "betterment act," the owner of the land is entitled to full compensation for the damages which he may sustain. The measure of damages is the market value of the land at the time it was taken, together with any special and peculiar damages which may result to the remaining land of the abutter, less any special and peculiar benefit. General benefits to his other land cannot be regarded as part of the compensation.

APPEAL from the layout of a highway. Heard on petition of appellee for new trial, and petition granted.

TILLINGHAST, J. The only question submitted to the jury in this case was—what damages has the appellant sustained by reason of the taking, by the city of Woonsocket, of certain land belonging to him, in laying out the street called Newland avenue, in said city?

(1) The evidence shows that several years prior to said layout Mr. Allaire, the owner of the land, had prepared and placed on record a plat called "Newland District," upon which plat various streets were delineated, one of which was denominated· "Newland avenue." It also appears that quite a number of lots abutting on said avenue, as well as other lots on said plat, were subsequently sold by the appellant, so that, prior to the time of the layout in question, the purchasers of said lots had acquired a right of way in said Newland avenue. And the

evidence clearly shows that in view of this fact the land comprised within the limits of said avenue, as laid out and platted, is of no value to the appellant as land, and that he has sustained no damages by reason of the laying out thereof as a public highway.

It does appear, however, that said Newland avenue, as platted by the appellant, does not extend quite so far east as Cass Park, where said layout ends, but that it only extends from Cumberland street, the starting point of the layout, to the end of lot No. 34 on said plat. And the appellant is therefore entitled to whatever damages he has sustained by reason of the taking of so much of his land as lies between the end of his said lot, No. 34, and Cass Park.

As the very strong preponderance of the evidence is to the effect that the land thus taken was only worth not to exceed three cents per foot, the verdict by which the appellant was awarded the sum of $650 was clearly against the evidence, and it must therefore be set aside and a new trial granted.

The exceptions taken by counsel for the city are wholly without merit, and require no special consideration.

As the case must go back for a new trial, it is proper to call attention to that part of the charge of the trial court which relates to the method by which the damages may be ascertained. We do this for the purpose of correcting what seems to have been a misapprehension on the part of the court as to the law applicable to a case of this sort (which is an appeal from the layout of a street under the old highway law, as it may be termed), as distinguished from the layout of a street under what is known as the betterment act. That part of the charge to which we call attention was as follows:

"You will proceed, then, to estimate, when you come to the jury room, the value of the land between lot thirty-four (34) and the land known as the park land, and you will compute what you consider the fair value of that; you will then consider, in coming to a full conclusion of the matter, what the resulting benefit was to the remaining fourteen (14) lots of land.

"All the testimony offered on behalf of the city is to the

effect that the opening of the public highway over this land was a benefit to Mr. Allaire;. the question for you to consider is whether or not the other fourteen (14) lots are benefited enough so it would offset whatever value you find he ought to have for the land taken from him. If you find the land taken was worth more than the resulting benefit to the fourteen (14) lots, then estimate the difference. If you find it was equal, then he was not damaged at all."

This instruction, while it would have been unobjectionable as applicable to a case under the betterment act, does not correctly state the law as applicable to a case like the one before us. The measure of damages in a case of this sort is the market value of the land taken at the time when it was taken, together with any special and peculiar damages which may result to the remaining land of the abutter, less any special and peculiar benefits which may accrue to his remaining land.

In other words, the owner of the land through which a highway is laid is entitled to full compensation for the damages which he may sustain thereby. And general benefits accruing to his other land cannot be regarded as part of the compensation. For it is only in case some special and peculiar benefits accrue to the remaining land that it can be treated as compensation to the extent of such benefits.

In the case at bar there is no evidence that any special benefits accrued to the remaining land of the appellant by reason of the layout in question, and hence it was error to instruct the jury that they could take any resulting benefits thereto into account in determining the question of damages. See Elliott on Roads and Streets, 2nd ed. §§ 244, 246, and cases cited; Sedgwick on Damages, 6th ed. p. 714, note 2; Dillon on Municipal Corporations, 4th ed. §§ 624, 625.

Although we find no reported case in this State in which the rule of damages in cases of this sort has been directly enunciated, yet, so far as we are aware, the rule as above formulated has always been substantially adopted in the trial of cases like the one now before us. And we think it is clear that this rule is the only one which can logically be deduced from the statute under which the damages are to be assessed;

for it provides (Gen. Laws R. I. cap. 71, § 4) that "the damages, if *any*, caused by such highway passing through his land shall be assessed," &c.; thus clearly showing that the value of the land taken may not be the true measure of damages, but that they may be more or less than that amount according to the peculiar circumstances of the case. And comparing the provision above referred to with the provisions of that part of the statute known as the betterment act (see §§ 32–46 of the same chapter), it is clear that it cannot be held to include general benefits.

The appellee's petition for a new trial is granted.

*John J. Heffernan*, for appellant.

*Ervin J. France*, for appellee.